Per Curiam.

The first question is, whether the plea is sufficient ; and we think it is. The legal consequence of being admitted to the poor debtor’s oath, as it is usually called, is, that the body of the debtor is never afterwards liable to arrest upon the same demand, although the judgment remains good against his estate. If an arrest on mesne process were permitted, the debtor might be obliged to go to jail ; which would be virtually a repeal of the statute. It is said, that the plea air leges the service to be bad, but makes no objection to the writ *507 tself, and that the writ being good, and the service according to the writ, the service must be good. But this does not follow, however it may be so far as regards the protection of the officer. Whether it would have been proper to have varied the form of the writ, it is not necessary to decide ; but the intention of the legislature was, to liberate the body from being liable to arrest, and the service by arrest was no service.[1]
Then, with regard to the replication, there are two valid objections to it. The first is, that it does not specify in what the debtor swore falsely ; the second, that it does not state that the debtor had been convicted of swearing falsely. It has been argued, that the statute does not mean a technical conviction of perjury, but we think this is not the proper construction.[2] The legislature impose heavy penalties on the delinquent. He is subjected to the pains and penalties of wilful perjury; which shows that a technical conviction is to be understood ; and it is likewise provided that he shall receive no benefit from his oath; which in itself is a heavy penalty. In a civil action, the jury might be willing to find that the debtor swore falsely, upon less evidence than they would require in a criminal prosecution, and he would thus lose the advantage of a trial on a criminal process.

Replication adjudged bad.

 Foord’s case, 5 N. Hamp. R. 313. In New Hampshire it is held, that a debtor’s body is not exempted from arrest in that State, although he has been committed on execution in Massachusetts for the same debt, and been there discharged, upon taking the poor debtor’s oath. Hubbard v. Wentworth, 3 N. Hamp. R. 43. See also Woodbridge v. Wright, 3 Conn. R. 523; Atwater v. Townsend, 4 Conn. R. 47; Smith v. Healy, 4 Conn. R. 49; Morris v. Eves, 11 Martin's Louisiana R. 731.

 See Metcalfs Digest, 261 note.